United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FERNANDO GASTELUM,

Plaintiff,

v.

TRI-COUNTY HOSPITALITY,

Defendant.

Case No. 21-cv-05291-VKD

**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 23, 28

Mr. Gastelum challenges accessibility barriers he claims he encountered at a hotel, the Quality Inn & Suites, allegedly owned or operated by defendant Tri-County Hospitality ("Tri-County") in Gilroy, California.[1] Tri-County moves pursuant to Rule 12(b)(1) to dismiss Mr. Gastelum's first amended complaint ("FAC") for lack of standing to seek injunctive relief under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182, *et seq.* Dkt. No. 23. Tri-County also argues that the Court should dismiss Mr. Gastelum's claim under the California Unruh Civil Rights Act ("Unruh Act") or decline to exercise supplemental jurisdiction over that claim. Mr. Gastelum opposes Tir-County's motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 25.[2] Having considered the moving and responding papers, the Court denies Tri-County's motion to dismiss Mr. Gastelum's ADA claim. However, the Court declines to exercise supplemental jurisdiction over his Unruh Act claim.

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 11, 34.

[2] The Court vacated the hearing on defendant's motion and deemed the matter submitted on the papers pursuant to Civil Local Rule 7-1(b). Dkt. No. 30.

## I. BACKGROUND

According to his pleadings, Mr. Gastelum is a man in his sixties, who is missing one leg, uses a wheelchair for mobility, and has a specially equipped sport utility vehicle. Dkt. No. 20 ¶ 1. Mr. Gastelum says that "[s]ince 2015, [he] has been using a wheelchair for mobility in locations that are designed for wheelchair use." *Id.* ¶ 2. His claims are based primarily on accessibility barriers as "relates to wheelchair users like [himself]." *Id.* ¶ 9.

In his FAC, Mr. Gastelum claims he encountered accessibility barriers during a June 29, 2021 visit to the Quality Inn & Suites in Gilroy, California ("the hotel"). Mr. Gastelum says the barriers he encountered are that "[t]here is no pool lift"; "[d]oors require twisting of the wrist"; "[t]here are open risers on stairs"; "[t]here are no bottom handrail extensions for stairs"; "[n]o top handrail extensions for stairs"; "[the] [o]ffice door requires a force greater than 5 lbs of force to open"; and "[t]here is no clear floor space for [the] washing machine." *Id.* ¶ 9(a)-(g). Mr. Gastelum asserts claims under Title III of the ADA and the Unruh Act. *Id.* ¶¶ 18-23, 24-27. Mr. Gastelum alleges that he first visited the hotel "with the intention to avail himself of their goods or services" and was "motivated in part to determine if the Facility complies with the disability access laws." *Id.* ¶ 8. He alleges that "[a]s a wheelchair user," he was denied full and equal access to the hotel due to barriers he encountered. *Id.* ¶¶ 11-13. The FAC further alleges that Mr. Gastelum "will return to the Facility to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Facility is accessible." *Id.* ¶ 16. He alleges that he is "currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." *Id.* Finally, Mr. Gastelum alleges that he "is often in the area where the Facility is located." *Id.* ¶ 15.

Mr. Gastelum seeks injunctive relief under the ADA and the Unruh Act; "equitable nominal damages for violation of civil rights"; $4,000 in damages for each offense under the Unruh Act; and, in the event he is required to hire counsel, reasonable attorney's fees, costs and litigation expenses. *Id.* at 6.

Tri-County now moves pursuant to Rule 12(b)(1) to dismiss the FAC, arguing that the

2

1  ADA claim must be dismissed because Mr. Gastelum fails to establish his standing to seek
2  injunctive relief. Tri-County argues that if the ADA claim is dismissed, the Unruh Act claim must
3  also be dismissed, or, alternatively, it requests that the Court decline to exercise supplemental
4  jurisdiction over that claim.

**II.    LEGAL STANDARD**

Standing is a jurisdictional issue properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack on jurisdiction, the record is limited to the complaint and materials that may be judicially noticed. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). Additionally, the Court accepts well-pled allegations of the complaint as true, draws all reasonable inferences in Mr. Gastelum's favor, and determines whether his allegations are sufficient to support standing. *Id*.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (internal quotations and citation omitted).

As the party asserting federal subject matter jurisdiction, Mr. Gastelum bears the burden of

United States District Court
Northern District of California

establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

Tri-County makes a factual attack on Mr. Gastelum's allegations concerning his standing to pursue an ADA claim, and maintains that, in any event, the FAC does not allege sufficient facts to support standing.

### A. Standing re ADA Claim

Under Article III of the Constitution, federal courts have jurisdiction to decide only actual cases or controversies, U.S. Const., art. III, § 2, and Mr. Gastelum has standing to sue if he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Mr. Gastelum's claimed injury must be both "particularized" and "concrete." A "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way.'" *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560 n.1). A "concrete" injury "must actually exist" and must be "real, and not abstract." *Id.* at 340.

Additionally, in the context of injunctive relief, which is the only remedy available to Mr. Gastelum under Title III of the ADA, he "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)); *see also Lujan*, 504 U.S. at 564 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (internal quotation marks omitted)). Thus, an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. While courts take a broad view of constitutional standing in disability access cases, "the ADA's reach is not unlimited." *Id.* at 946.

#### 1. Barriers Related to Mr. Gastelum's Disability

With respect to the FAC as a whole, Tri-County raises a factual challenge to allegations

4

indicating that Mr. Gastelum used a wheelchair during the alleged visit to the hotel and that he suffered any injury-in-fact as a wheelchair user. Tri-County contends that Mr. Gastelum is not exclusively a wheelchair user and is able to move using a prosthetic leg and cane. Tri-County asks the Court to review a surveillance video, submitted by a defendant in another of Mr. Gastelum's accessibility lawsuits, which reportedly shows Mr. Gastelum checking into another hotel using a prosthesis and cane, rather than a wheelchair. *See* Dkt. No. 23-3 ¶¶ 2-3.

The Court does not find it appropriate or necessary to consider the video. Tri-County impliedly suggests that the Court may consider the video, and accept it as proper evidence, simply because a defendant in another case filed a declaration about it. *See* Dkt. No. 23-1 at 3, 10, 11 n.4. Even assuming the video shows what Tri-County says it does, it is irrelevant and does not contradict Mr. Gastelum's allegations that he uses a wheelchair, including on his visit to the hotel at issue in this case. In his FAC, Mr. Gastelum alleges that he uses a wheelchair, except "[w]here a facility is not designed for wheelchair use." Dkt. No. 20 ¶ 2. In those instances, Mr. Gastelum says he "is forced to use a prosthesis and a cane that cause him great discomfort and pain." *Id.*

The fact that a surveillance video shows that Mr. Gastelum may have used his prosthesis and cane on a different occasion at a different facility does not refute Mr. Gastelum's allegations indicating that he visited the hotel at issue using a wheelchair. *See, e.g., Gastelum v. Blue Diamond Hospitality*, No. 5:21-cv-06234-EJD, 2022 WL 4292957, at *3-5 (N.D. Cal. Sept. 16, 2022) (concluding that surveillance video from another hotel was irrelevant to Mr. Gastelum's allegations that he used a wheelchair during the visit to the defendant's hotel).

Tri-County nonetheless maintains that the FAC is deficient because Mr. Gastelum does not expressly say that he used a wheelchair during his visits to the hotel and that the barriers he says he encountered either do not exist or are not related to his disability. Dkt. No. 23-1 at 11-15. With respect to use of a wheelchair, the Court is not persuaded that Mr. Gastelum is required to plead the level of specificity Tri-County advocates. The FAC's allegations, reasonably construed, indicate that Mr. Gastelum uses a wheelchair for mobility and that he encountered barriers as a wheelchair user on the visit at issue. Dkt. No. 20 ¶¶ 1, 2, 9-11.

With respect to the particular barriers at issue, Tri-County disputes the merits of Mr.

1  Gastelum's allegations concerning the existence of barriers to accessing the pool via a wheelchair
2  lift, accessing doors that require handle-twisting or force to open, and accessing the washing
3  machine. Dkt. No 23-1 at 11-15. In his opposition, Mr. Gastelum explains why each of these
4  alleged barriers interfered with his ability to access the hotel and how each is related to his
5  disability. Dkt. No. 25 at 8-11. Tri-County's factual challenge to Mr. Gastelum's allegations
6  would require the Court to make findings regarding the nature and extent of Mr. Gastelum's
7  disability and the extent to which certain features of the hotel represented actual barriers to him.
8  Resolving disputed facts in the context of a jurisdictional challenge is not appropriate where "the
9  jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is
10 dependent on the resolution of factual issues going to the merits." *Sun Valley Gasoline, Inc. v.*
11 *Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983); *see also Gastelum v. Parvarti Hosp.*
12 *Inc.*, No. 21-CV-06235-BLF, 2022 WL 2812176, at *4 (N.D. Cal. July 18, 2022) (declining to
13 resolve disputed facts on Rule 12(b)(1) motion challenging standing).

14     To the extent Tri-County argues that the FAC alleges barriers that obviously are *not*
15 barriers for *wheelchair users*, the motion to dismiss is denied on this ground as well. Mr.
16 Gastelum alleges that he has a disability that requires him to use either a wheelchair or a prosthesis
17 and cane for mobility. The allegations of the FAC are fairly understood as indicating that Mr.
18 Gastelum actually observed barriers at the hotel that relate to his disability and that interfere with
19 his access, whether he is using a prosthesis and cane to move or a wheelchair instead. Mr.
20 Gastelum's personal knowledge of barriers to his access using a prosthesis and cane, even if he
21 was using a wheelchair when he learned of those barriers, supports the conclusion that he has
22 standing. *See Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2020 WL 5257868,
23 at *16 (S.D. Cal. Sept. 3, 2020) ("It may be true that Mr. Rutherford need not have *personally*
24 *encountered* the alleged barrier, but he still must have *personal knowledge* of it to establish
25 standing.") (citing *Doran v. 7-Eleven, Inc*., 524 F. 3d 1034, 1041–42 (9th Cir. 2008)).

26     In addition to its argument that Mr. Gastelum did not encounter barriers related to his
27 disability, Tri-County argues that Mr. Gastelum has no injury-in-fact because he did not attempt to
28 stay at the hotel, but merely "visited." Such a visit, Tri-County argues, is insufficient to establish

United States District Court
Northern District of California

an injury. Dkt. No. 23 at 6. This argument is not well-taken. The Ninth Circuit has long-recognized that "Title III explicitly provides that it does not require 'a person with a disability to engage in a *futile gesture* if such person has actual notice that a person or organization . . . does not intend to comply' with the ADA." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (quoting 42 U.S.C. § 12188). "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Pickern* at 1137. Mr. Gastelum alleges that he personally encountered barriers at the hotel related to his disability. Dkt. No. 20 ¶ 8. This is sufficient injury-in-fact under the ADA; Mr. Gastelum was not required to stay at the hotel *despite these barriers* in order to establish standing.

### 2.     Real and Immediate Threat of Repeated Injury

Tri-County also argues that Mr. Gastelum has not plausibly alleged facts nor presented any evidence establishing that he faces a real and immediate threat of repeated injury, as required to seek injunctive relief on his ADA claim. "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate a sufficient likelihood that he will again be wronged in a similar way." *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Courts "have Article III jurisdiction to entertain requests for injunctive relief both to halt the deterrent effect of a noncompliant accommodation and to prevent imminent 'discrimination,' as defined by the ADA, against a disabled individual who plans to visit a noncompliant accommodation in the future." *Id.* at 950. "Thus, an ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id.* "Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.*

Tri-County contends that the FAC's allegations do not demonstrate that Mr. Gastelum has a genuine intent to return to the hotel as a bona fide customer or that he is deterred from doing so by the barriers he encountered. Dkt. No. 23 at 15-21. Tri-County observes that Mr. Gastelum

7

says only that he is "often" in the area of the hotel, but he does not allege any concrete plans to return to the area to patronize the hotel in the future, or any genuine (as opposed to hypothetical) desire to do so. *Id.* In his opposition, Mr. Gastelum states that he "intended to travel back to Gilroy in the winter of 2021/2022, and did so on January 25, 2022, but was deterred from staying at the Quality Inn based on by [sic] my own personal knowledge that the Hotel was not ADA accessible." Dkt. No. 25 at 3.[3] In addition, Mr. Gastelum points to the allegation in the FAC in which he asserts that he will return to the hotel "to determine compliance with the disability access laws." *Id.* at 3, 7.

"The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *see also Lujan*, 504 U.S. at 570 n.4 (noting the "longstanding rule that jurisdiction is to be assessed under the facts existing when the complaint is filed."). Thus, "[t]he requisite personal interest," i.e., standing, "must exist at the commencement of the litigation[.]" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, (2000) (citation omitted); *see also Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007) ("The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint."). While "[t]here is no past patronage or bona fide customer requirement to bring an ADA claim," *Langer v. Kiser*, — F.4th —, No. 21-55183, 2023 WL 353215, at *7 (9th Cir. Jan. 23, 2023) (citing *CREEC*, 867 F.3d at 1102), a plaintiff "lacks standing if he is indifferent to returning to the [facility] or if his alleged intent to return is not genuine . . . ." *Chapman*, 631 F.3d at 953.

The Ninth Circuit's recent decision in *Langer* suggests that Mr. Gastelum's allegations, while sparse, are sufficient to establish standing for purposes of injunctive relief at least with respect to his intent to return to the hotel as an ADA tester, if not as a bona fide customer. In the FAC, Mr. Gastelum alleges that he

> will return to [the hotel] to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that [the hotel] is accessible. Plaintiff is currently

---

[3] This assertion is made without any evidentiary support and the Court does not give it weight for purposes of assessing Tri-County's factual challenge.

8

> deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

Dkt. No. 20 ¶ 16. Whether Mr. Gastelum's allegations and statements regarding his intent to return are credible is not a question the Court can answer on this record. *Langer* expressly notes that credibility determinations may be made against a serial litigant, based on "something other than the fact that the litigant files a lot of ADA cases to instill doubt in his testimony." *Langer*, — F.4th —, 2023 WL 353215 at *8. "But merely driving around, documenting ADA noncompliance, and filing multiple lawsuits is not in and of itself a basis for being found noncredible." *Id.* However, "if a plaintiff alleged that he broke his leg multiple times in one day from the same barrier at different locations . . . [o]r if [a plaintiff] had alleged personally encountering [barriers] at businesses in California, Hawaii, and Alaska on the same day, an adverse credibility determination would be well taken." *Id.*

Tri-County points to evidence showing that Mr. Gastelum filed at least 13 ADA Title III lawsuits in California based on alleged visits to hotels across California in the span of one week, i.e., June 28-July 4, 2021, overlapping with his alleged visit to the hotel at issue in this case on June 29, 2021. *See* Dkt. No. 23-1 at 7. Mr. Gastelum does not dispute the accuracy of Tri-County's evidence or address its significance. The Court has examined Tri-County's evidence and concludes that it does not rise to the level of implausibility contemplated by *Langer*. While the Court agrees with Tri-County that Mr. Gastelum could not possibly have stayed overnight in all of the places he claims to have visited during this period, the FAC alleges only that he visited the hotel at issue—not that he stayed overnight. The Court is not prepared to find that this visit was impossible in view of the timing of Mr. Gastelum's other visits to other places. Evidence undermining the plausibility of Mr. Gastelum's allegations may arise as this case proceeds, but the Court cannot conclude on this record that his allegations are not credible.

Nevertheless, the Court agress with Tri-County that Mr. Gastelum's generic allegation about his intent to patronize the hotel at some unspecified time in the future and his bare assertion that he travels to the area "often," without more, likely are insufficient to establish a genuine intent

9

to return to the hotel *as a bona fide customer*. However, in view of Mr. Gastelum's allegations that he intends to return to the hotel to assess compliance with disability laws, *Langer* counsels against dismissal of Mr. Gastelum's ADA claim. *See id.* at *7 ("Being an ADA tester is, in fact, a legitimate reason to go to a business, and the district court's insinuation otherwise is legally flawed. Visiting the property to identify potential ADA violations is consistent with having a credible intent to return; in other words, credibility is not mutually exclusive with being a tester."). Therefore, to the extent Tri-County contends that the ADA claim must be dismissed because Mr. Gastelum has no genuine intent to return or is deterred from returning as a bona fide customer, the motion to dismiss is denied.

### B.     Unruh Act Claim

Tri-County argues that, in any event, the Court should decline to exercise supplemental jurisdiction over Mr. Gastelum's Unruh Act claim because permitting Mr. Gastelum to proceed with this claim would evade the restrictions California has recently placed on the availability of damages relief under the Act. Dkt. No. 25 at 24-25. Mr. Gastelum does not respond to this part of Tri-County's motion.

Where a federal court has original jurisdiction over a claim pursuant to federal law, it also has supplemental jurisdiction over related state law claims. 28 U.S.C. § 1367(a). Nevertheless, 28 U.S.C. § 1367(c)(4) authorizes a district court to "decline to exercise supplemental jurisdiction over a claim . . . if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." In *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), the Ninth Circuit recognized that a "recent confluence of several California-law rules have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity," *id.* at 1211. Recently enacted procedural filing requirements in California state courts have resulted in "a wholesale shifting of Unruh Act/ADA cases into . . . [California federal courts.]" *Id*. at 1212. As a consequence of this shift, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id*. at 1212-13. The Ninth Circuit described these circumstances as "exceptional" and a "very substantial threat to federal-state comity . . . namely,

1    that retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to

2    substantially thwart California's carefully crafted reforms in this area and to deprive the state

3    courts of their critical role in effectuating the policies underlying those reforms." *Id*. at 1213.

4    Accordingly, the Ninth Circuit held that the Central District of California acted within its

5    discretion to conclude that "this extraordinary situation threatens unusually significant damage to

6    federal-state comity and presents 'exceptional circumstances' within the meaning of [28 U.S.C.]

7    § 1367(c)(4)." *Id*. at 1213.

8        Mr. Gastelum does not dispute that, were he to file his Unruh Act claim in state court, he

9    would be subject to the "procedural strictures" established by the California legislature to further

10   the interests described in *Arroyo*, and he does not state any opposition to the relief Tri-County

11   seeks in its motion with respect to the question of supplemental jurisdiction.

12       Having considered the merits of Tri-County's argument on this point, the early procedural

13   status of this case, and the strong comity concerns identified by the Ninth Circuit in *Arroyo*, the

14   Court concludes that these comity concerns outweigh any countervailing considerations of

15   economy and efficiency that might be adversely affected by requiring Mr. Gastelum, if he so

16   chooses, to refile his Unruh Act claim in state court.  Furthermore, fairness also counsels in favor

17   of declining jurisdiction over Mr. Gastelum's Unruh Act claim.  Allowing Mr. Gastelum to pursue

18   his state law claim here would "countenance 'a wholesale evasion of . . . critical limitations on

19   damages relief' that the California legislature has seen fit to impose for claims under that statute."

20   *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022)

21   (quoting *Arroyo*, 19 F.4th at 1213).

22       Accordingly, the Court declines to exercise supplemental jurisdiction over Mr. Gastelum's

23   Unruh Act claim and dismisses that claim without prejudice to filing in state court.

24   **IV.   TRI-COUNTY'S MOTION TO STRIKE MR. GASTELUM'S SUR-REPLY**

25       Following the filing of Tri-County's reply brief, Mr. Gastelum filed a "supplemental

26   memorandum in opposition / response." Dkt. No. 27.  In this submission, Mr. Gastelum says that

27   Tri-County's counsel attempted to "coerce" him to withdraw his complaint. *Id.* at 2.  He also

28   submits photographs of the alleged barriers previously provided in his opposition papers and cites

portions of the ADA Accessibility Guidelines. *Id.* at 2-5. In response, Tri-County filed an administrative motion to strike Mr. Gastelum's sur-reply, Dkt. No. 28, to which Mr. Gastelum filed an objection, Dkt. No. 29.

A sur-reply is not permitted, Civil Local Rule 7-2(d), and the Court did not consider Mr. Gastelum's sur-reply in resolving this motion. Tri-County's motion to strike (Dkt. No. 28) is therefore denied as moot.

## V. CONCLUSION

Based on the foregoing, Tri-County's Rule 12(b)(1) motion to dismiss Mr. Gastelum's ADA claim for lack of subject matter jurisdiction is denied. The Court declines to exercise supplemental jurisdiction over Mr. Gastelum's Unruh Act claim, without prejudice to his re-filing that claim in state court.

Tri-County shall file its answer to the ADA claim in the FAC no later than 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: February 1, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge